UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| United States of America<br><br>v.<br><br>313 South Royal Street, Alexandria, VA | Case No. 1:26-sw-54 |

## **DECLARATION OF SIMON A. LATCOVICH**

I, Simon A. Latcovich, hereby declare as follows:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration.

2. I am a partner at the law firm Williams & Connolly LLP. I am licensed to practice law in the District of Columbia, Maryland, and Virginia, and I am in good standing with the bars of these jurisdictions. I was first admitted to the bar over 19 years ago.

3. Williams & Connolly LLP represents The Washington Post ("The Post") in this matter.

4. The evidence set out in this Declaration is based on my personal knowledge.

5. On January 14, 2025, at approximately 6:00 AM, the government executed a search warrant at the residence of Hannah Natanson, a reporter for The Post. A true and correct copy of that Search and Seizure Warrant is attached as Exhibit A.

6. The government seized numerous electronic devices, including a MacBook computer with 512GB of memory, an iPhone, and a voice recorder that are owned by The Post. The government also seized a MacBook computer owned by Ms. Natanson. Ms. Natanson was

1

authorized to and in fact did work for The Post on all of these devices. A true and correct copy of the Receipt for Property is attached as Exhibit B.

7. A true and correct copy of the Aurelio Luis Perez-Lugones Complaint and Affidavit in support is attached as Exhibit C.

8. A true and correct copy of the grand jury subpoena served on The Post on January 14, 2026, is attached as Exhibit D.

9. On January 14, 2026, the same day the FBI raided Ms. Natanson's residence, I reached out to the government to advise that the seized items contain materials protected by the First Amendment and the attorney-client privileges. A true and correct copy of my email correspondence is attached as Exhibit E. I asked the government to refrain from reviewing the documents pending a discussion. *See id.*

10. On January 15, 2026, the parties conferred regarding the seized documents. No agreements regarding the handling of the data were reached because government counsel asserted that all issues had to be vetted with more senior government officials. The government also represented that it was in the process of extracting data from the devices and preserving data, and that it was not reviewing content, but would begin to do so soon.

11. On January 16, 2026, the parties conferred twice regarding the seized data. I proposed a process that would involve the government's preservation of the seized data, returning the seized property, and reviewing only the identified responsive material, if any, identified by counsel for The Post and Natanson.

12. After conferring with the unnamed, more senior officials, the government called back that same day and rejected this proposal, but agreed that it would not begin a substantive review of the seized data pending further discussion on Tuesday, January 20, 2026. The

government asked us to provide a list of attorney names on January 20 to assist in a privilege review. I explained that a list of attorney names would be an inadequate basis to screen privileged information because editors at The Post, as opposed to reporters, generally request and receive legal advice from attorneys and then disseminate that advice to reporters.

13. I also explained that a list of attorney names would not address the significant First Amendment privilege issues and asked for further time to discuss these complex issues before the government commenced its review. The government expressed doubt that the unnamed, senior officials would agree to a proposal designed to protect the significant First Amendment interests at stake.

14. On January 20, 2026, I explained that we were still concerned about the First Amendment and attorney-client privilege issues and proposed that the government return the seized property and that we would treat the devices as covered by the grand jury subpoena served on The Post.

15. The government rejected this proposal.

16. I then informed the government that we intended to seek judicial relief and would file a motion within twenty-four hours. I noted that Judge Rushing on the Fourth Circuit had previously written in a similar Rule 41(g) matter that, "In other cases, the government has voluntarily delayed review for a brief time until the court could schedule a hearing on the target's motion for a restraining order or injunction. That sensible procedure preserves the status quo until a court can rule." *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 184 (2019) (citation omitted).

17. The government stated that it would not refrain from conducting a substantive review of the seized material pending judicial resolution of this dispute. Instead, the government

was continuing to process documents and would review them as soon as that process was done. The government would not agree to inform us even when it began a substantive review.

18. Moreover, the government refused to take a position one way or the other on any protocol to protect either attorney-client privilege or First Amendment privileges.

19. To be clear, the government would not represent that it intended to undertake any process to protect First Amendment privileges.

I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed this 20th day of January 2026.

_____
Simon A. Latcovich