**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| In the Matter of the Search of the Real Property and Premises of Hannah Natanson | Case No. 1:26-sw-54-WBP |

**THE WASHINGTON POST'S AND HANNAH NATANSON'S**
**NON-CONFIDENTIAL MEMORANDUM**
**ACCOMPANYING MOTION FOR AN ORDER PROVIDING PROSPECTIVELY FOR**
**FILING DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 49(E)**

Pursuant to Local Criminal Rule 49(E) for the United States District Court for the Eastern District of Virginia, WP Company LLC d/b/a The Washington Post and Hannah Natanson ask for an Order sealing portions of the document titled "The Washington Post's and Hannah Natanson's Response to Objections to Magistrate Judge Porter's Order on Motion for Return of Property," submitted under seal contemporaneously with this pleading. A redacted version of the sealed document has been filed electronically.

**I.     Items to be Sealed and Necessity for Sealing**

The sealed document references the document titled "Redacted Filter Team Procedures with Respect to Search Warrant Executed on January 14, 2026 for Digital Devices, Electronic Storage Media, and Cellphones of Hannah Natanson," filed under seal by the United States on February 20, 2026. The United States filed that document under seal because it contained information with respect to the protocols involved in searching for information responsive to search warrants. Sealing is necessary as to the portions of the document referencing these procedures for the same reasons. The Post and Ms. Natanson take no position as to the necessity of sealing beyond what the government has already asserted.

## II.     Previous Court Decisions Which Concern Sealing Documents

The Court has the inherent power to seal materials submitted to it.  *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.").

## III.    Period of Time to Have the Documents Under Seal

The document to be filed under seal should remain sealed in perpetuity or, in the alternative, so long as the document titled "Redacted Filter Team Procedures with Respect to Search Warrant Executed on January 14, 2026 for Digital Devices, Electronic Storage Media, and Cellphones of Hannah Natanson" remains sealed.  A redacted version of the sealed document will remain available on the public docket.

WHEREFORE, The Washington Post and Hannah Natanson request that an Order be entered allowing portions of the document titled "The Washington Post's and Hannah Natanson's Response to Objections to Magistrate Judge Porter's Order on Motion for Return of Property" to be placed Under Seal.

Dated: March 25, 2026

Respectfully submitted,

/s/ Simon Latcovich
Simon A. Latcovich (VSB No. 73127)
Sean M. Douglass (VSB No. 83835)
Thomas G. Hentoff (*pro hac vice*)
Tobin J. Romero (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 480-8371
slatcovich@wc.com
sdouglass@wc.com
thentoff@wc.com
tromero@wc.com
ngamse@wc.com

*Counsel for Movant The Washington Post*

/s/ Amy Jeffress
Amy Jeffress (VSB No. 36060)
Trisha Anderson (*pro hac vice*)
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
ajeffress@heckerfink.com
tanderson@heckerfink.com

*Counsel for Movant Hannah Natanson*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Virginia, using the electronic case filing system of the court.

/s/ Simon Latcovich
Simon A. Latcovich (VSB No. 73127)

*Counsel for The Washington Post*