## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

IN THE MATTER OF THE SEARCH OF   )
THE REAL PROPERTY AND           )     Case No. 1:26-sw-00054 (WBP/AJT)
PREMISES OF HANNAH NATANSON.   )

### ORDER

The United States filed a Motion to Seal Pursuant to Local Rule 49(E) ("Motion," ECF No. 59) asking the Court to seal the Redacted Filter Team Procedures with Respect to Search Warrant Executed on January 14, 2026 for Digital Devices, Electronic Storage Media, and Cellphones of Hannah Natanson Filter Protocol ("Filter Protocol Memo," ECF No. 60) in response to Movants Hannah Natanson and The Washington Post's ("Movants") Motion for Return of Property (ECF No. 8). The United States complied with Local Civil Rule 5 by filing a notice of its Motion (ECF No. 56), a proposed order (ECF No. 57-1), and the unredacted version of the Filter Protocol Memo under seal (ECF No. 60).

Movants had until February 27, 2026, to file a memorandum in opposition of sealing, but they did not respond to the Motion. E.D. Va. Loc. R. 5(C) ("[P]arties and non-parties . . . may submit memoranda in support of or in opposition to the motion within seven (7) days after the filing of the motion to seal . . . ."). Because Plaintiff did not respond, the Motion is uncontested. For the reasons stated in this Order, the Court GRANTS the Motion.

### Legal Standard

The Fourth Circuit recognizes that the public has a right to access judicial records, arising under either the common law or the First Amendment. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The common law presumes a right to inspect and copy judicial records, but countervailing interests can rebut this presumption if they heavily outweigh

the public's interest in access. *Logenix Int'l, L.L.C. v. Hensler*, No. 1:23-CV-1191 (PTG/WEF), 2024 WL 4580419, at *1 (E.D. Va. Aug. 19, 2024) (quoting *Va. Dep't of State Police*, 386 F.3d at 575). In contrast, the First Amendment provides a near-absolute right of public access to judicial records, but a court may overcome that right if a compelling interest exists and the court narrowly tailors its ruling. *See id.* Because the Filter Protocol Memo constitutes judicial records filed in connection with a discovery proceeding, the common law right of access applies.

## Factual Findings

Under Local Civil Rule 5 and the established standard throughout the Fourth Circuit, the Court makes the following factual findings.

1.      The United States filed the confidential Filter Protocol Memo (ECF No. 60) under seal and filed a nonconfidential memorandum in support of sealing on the public docket (ECF No. 57).

2.      The 24-page Filter Protocol Memo contains information regarding the case's underlying search warrant and criminal prosecution, information about Movants' electronic devices, proposed search terms, government employees' names, and the United States's filter policies and procedures.

3.      The United States seeks to seal the Filter Protocol Memo in its entirety because it contains its protocols for searching for classified national defense information (ECF No. 57 at 1) and because revealing such information could expose the United States's investigatory tactics or threaten the privacy of government personnel (*see* ECF No. 13 at 1–2).

**Analysis**

The Court must determine whether countervailing interests heavily outweigh the public's interest in accessing the document. The Court finds several countervailing interests that support the sealing request.

First, the Filter Protocol Memo contains classified information that if revealed could risk harm to national security or otherwise compromise the underlying criminal investigation. *See Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (citing risks to national security as a compelling reason to justify sealing); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 577, 575–76 (4th Cir. 2004) (protecting integrity of ongoing police investigation satisfies First Amendment sealing requirement).

Second, the proposed search terms for filtering Plaintiff's information are protected by the attorney-client privilege, work product doctrine, or the Privacy Protection Act. *See* 42 U.S.C. §§ 2000aa *et seq*.; *Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 403 n.7 (D. Md. 2005) (permitting party to file privilege log under seal).

Third, the Filter Protocol Memo contains the United States's internal practices and policies that if disclosed could harm national security by allowing alleged criminals to circumvent such procedures or better conceal their criminal activity. Because that information bears on national security, the sensitivity of the information favors nondisclosure. *See* Order, *Abu Irshaid v. Garland*, No. 1:24-cv-01495-WBP (E.D. Va. Nov. 25, 2025), Docket Entry No. 73 (sealing government's internal processes and protocols that could allow high-risk travelers to circumvent airport border inspections); *Wagafe v. Trump*, No. C17-94 (RAJ), 2019 U.S. Dist. LEXIS 92739, at *5 (W.D. Wash. June 3, 2019) (finding articulated harm from public disclosure of agency internal processes).

3

Fourth, there is no less restrictive alternative. The United States asks to seal the Filter Protocol Memo in its entirety, and full redaction would be impractical because sensitive information permeates nearly all 24 pages. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 377 (4th Cir. 2021).

Fifth, the public retains access to nearly 200 pages of Movants' Motion for Return of Property (ECF No. 8) briefings—the Executed Search Warrant (ECF No. 5), Movants' filings (ECF Nos. 8–9, 40), the United States's opposition (ECF No. 35), and an amicus brief (ECF No. 26)—which reveal their arguments and the Court's decision-making process.

The Court finds that these countervailing interests heavily outweigh any public interest in accessing the confidential information.

Accordingly, the Court ORDERS as follows:

1.      The Court GRANTS the Motion to Seal. (ECF No. 59.)

2.      The United States properly filed under seal the unredacted version of the Filter Protocol Memo (ECF No. 60), and the Clerk must maintain it under seal under the terms of this Order or as the Court otherwise directs.

3.      The United States inadvertently filed its nonconfidential Motion to Seal under seal, so the Clerk must unseal it (ECF No. 59).

Entered this 16th day of June 2026.

William B. Porter
United States Magistrate Judge

Alexandria, Virginia

4