**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| In the Matter of the Search of the Real Property and Premises of Hannah Natanson, | No. 1:26-sw-00054-WBP |

**UNITED STATES' NON-CONFIDENTIAL MEMORANDUM ACCOMPANYING MOTION FOR AN ORDER PROVIDING PROSPECTIVELY FOR FILING DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 49(E)**

Pursuant to Local Rule 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, the United States asks for an Order sealing the document titled "United States' Weekly Status Report Regarding Magistrate Judge Search of Information on Seized Devices" that is attached to the Motion to Seal filed in hard copy form contemporaneously with this pleading. A proposed order is attached to this pleading.

**I.      Items to be Sealed and Necessity for Sealing**

Sealing is necessary because the document contains information with respect to the current status of devices allegedly containing classified national defense information that should not be disclosed to the public. The public has no right to such confidential details that implicate the privacy of the individual from whom the devices were seized as well as the Government's desired investigatory tactics when searching a device for classified and/or national defense information. Premature disclosure of this information would threaten the privacy of that individual and would expose the Government's investigatory tactics in this investigation. Counsel for the Government has considered procedures less drastic than sealing and has found none that would suffice to protect its interests.

## II.    Previous Court Decisions Which Concern Sealing Documents

The Court has the inherent power to seal materials submitted to it. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

## III.    Period of Time to Have the Documents Under Seal

The document to be filed under seal would need to remain sealed in perpetuity.

WHEREFORE, the United States requests that an Order be entered allowing the document titled "United States' Weekly Status Report Regarding Magistrate Judge Search of Information on Seized Devices" to be placed Under Seal.

Dated: June 18, 2026

Respectfully submitted,

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON (Va. Bar No. 85519)
Assistant Branch Director
Civil Division, Federal Programs Branch

CHRISTIAN DIBBLEE
Trial Attorney
Civil Division, Federal Programs Branch

*/s/ David R. Courchaine*
DAVID R. COURCHAINE
Trial Attorney
National Security Division

*/s/ Anthony T. Aminoff*
ANTHONY T. AMINOFF
Assistant U.S. Attorney
Eastern District of Virginia
(Appearing as local counsel)

*Counsel for the United States*

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2026, I transmitted by email the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record.

/s/ Anthony T. Aminoff
ANTHONY T. AMINOFF
Assistant U.S. Attorney
Eastern District of Virginia
(Appearing as local counsel)