**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

IN THE MATTER OF THE SEARCH OF    )
THE REAL PROPERTY AND           )     Case No. 1:26-sw-00054 (WBP/AJT)
PREMISES OF HANNAH NATANSON.   )

## <u>ORDER</u>

The United States filed three Motions to Seal Pursuant to Local Rule 49(E) (ECF Nos. 158, 161, 164) (collectively, "Motions") asking the Court to seal its Weekly Status Reports (ECF Nos. 160, 163, 166). The United States complied with Local Criminal Rule 49 by filing a proposed order for each Motion (ECF Nos. 158-1, 161-1, 164-1) and the unredacted versions of the Weekly Status Reports under seal.

Movants did not file a memorandum in opposition within seven days. E.D. Va. Loc. R. 5(C) ("[P]arties and non-parties . . . may submit memoranda in support of or in opposition to the motion within seven (7) days after the filing of the motion to seal . . . ."). Because Movants did not respond, the Motions are uncontested. For the reasons stated in this Order, the Court GRANTS the Motions.

### Legal Standard

The Fourth Circuit recognizes that the public has a right to access judicial records, arising under either the common law or the First Amendment. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The common law presumes a right to inspect and copy judicial records, but countervailing interests can rebut this presumption if they heavily outweigh the public's interest in access. *Logenix Int'l, L.L.C. v. Hensler*, No. 1:23-CV-1191 (PTG/WEF), 2024 WL 4580419, at *1 (E.D. Va. Aug. 19, 2024) (quoting *Va. Dep't of State Police*, 386 F.3d at 575). In contrast, the First Amendment provides a near-absolute right of public access to

judicial records, but a court may overcome that right if a compelling interest exists and the court narrowly tailors its ruling. *See id.* Because the Weekly Status Reports constitute judicial records filed in connection with a discovery proceeding, the common law right of access applies. *See* Memorandum Opinion and Order, *In re the Matter of the Search of the Real Property and Premises of Hannah Natanson*, No. 1:26-sw-00054-WBP-AJT (E.D. Va. May 4, 2026), Docket Entry No. 122 at 6–7; *United States v. Vaughan*, No. 4:22-CR-162-ALM-BD, 2024 WL 5319607, at *1–2 (E.D. Tex. Nov. 27, 2024) (applying the common law to joint status report and motion to quash subpoena).

### Factual Findings

Under Local Criminal Rule 49 and the established standard throughout the Fourth Circuit, the Court makes the following factual findings.

1.      The United States filed the Weekly Status Reports under seal and filed a nonconfidential memorandum in support of sealing each motion on the public docket (ECF Nos. 159, 162, 165).

2.      The June 18 and 26, 2026, and July 1, 2026, Weekly Status Reports are four pages each and contain information about the status of Movants' electronic devices, proposed search terms which include alleged national defense information, government employees' names and contact information, and the United States's filter policies and procedures. (ECF Nos. 160, 163, 166.)

3.      The United States seeks to seal the Weekly Status Reports in their entirety because they contain its protocols for searching for classified national defense information and because revealing such information could expose the United States's investigatory tactics or threaten the privacy of government personnel. (*E.g.*, ECF No. 159 at 1.)

**Analysis**

The Court must determine whether countervailing interests heavily outweigh the public's interest in accessing the documents. The Court finds several countervailing interests that support the sealing request.

First, the documents contain classified information that if revealed could risk harm to national security or otherwise compromise the underlying criminal investigation. *See Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (citing risks to national security as a compelling reason to justify sealing); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 577, 575–76 (4th Cir. 2004) (protecting integrity of ongoing police investigation satisfies First Amendment sealing requirement).

Second, the proposed search terms for filtering Movants' information are protected by the attorney-client privilege, work product doctrine, or the Privacy Protection Act. *See* 42 U.S.C. §§ 2000aa *et seq*.; *Neuberger Berman Real Est. Income Fund, Inc. v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 403 n.7 (D. Md. 2005) (permitting party to file privilege log under seal).

Third, the documents contain the United States's internal practices and policies that if disclosed could harm national security by allowing alleged criminals to circumvent such procedures or better conceal their criminal activity. Because that information bears on national security, the sensitivity of the information favors nondisclosure. *See* Order, *Abu Irshaid v. Garland*, No. 1:24-cv-01495-WBP (E.D. Va. Nov. 25, 2025), Docket Entry No. 73 (sealing government's internal processes and protocols that could allow high-risk travelers to circumvent airport border inspections); *Wagafe v. Trump*, No. C17-94 (RAJ), 2019 U.S. Dist. LEXIS 92739, at *5 (W.D. Wash. June 3, 2019) (finding articulated harm from public disclosure of agency internal processes).

Fourth, there is no less restrictive alternative. The parties ask to seal the documents in their entirety, and full redaction would be impractical because sensitive information permeates nearly all 12 combined pages. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 377 (4th Cir. 2021).

Fifth, the public retains access to nearly 200 pages of Movants' Motion for Return of Property (ECF No. 8) briefings—the Executed Search Warrant (ECF No. 5), Movants' filings (ECF Nos. 8–9, 40), the United States's opposition (ECF No. 35), and an amicus brief (ECF No. 26)—which reveal their arguments and the Court's decision-making process.

The Court finds that these countervailing interests heavily outweigh any public interest in accessing the confidential information.

Accordingly, the Court ORDERS as follows:

1.      The Court GRANTS the Motions. (ECF Nos. 158, 161, 164.)

2.      The United States properly filed the unredacted versions of the Weekly Status Reports (ECF Nos. 160, 163, 166) under seal, and the Clerk must maintain them under seal under the terms of this Order or as the Court otherwise directs.

Entered this 3rd day of August 2026.

_____

William B. Porter
United States Magistrate Judge

Alexandria, Virginia

4